U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS
ON THE COURT'S DOCKET
TAWANA C. MARSHALL, CLERK

DEC 14 2010

D. Michael Lynn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CHAPTER 13 |
| LONNIE EUGENE TUCKER, JR., | § | |
| | § | CASE NO. 10-47529 (DML)[1] |
| DEBTOR. | § | |
| | § | |

## ORDER TO SHOW CAUSE

On December 6, 2010, the court received a letter (the "Fee Letter") dated November 30, 2010, from Allmand & Lee, PLLC ("Allmand & Lee"), which states that Allmand & Lee is raising its attorney fees by $600, effective January 1, 2011. The Fee Letter, which was apparently sent to current clients of Allmand & Lee, encourages clients

---

[1]  The case in which this order appears was chosen because the captioned debtor is the debtor whose name appears on the Fee Letter (as defined below) that the court received. The debtor named here did not ask the court for help and did not forward the Fee Letter to the court.

Ms. Tucker and her attorney are not required to appear at the show cause hearing described herein.

Page 1 of 3

to "make a good faith commitment to pay off [their] original fees" by either (1) completing an ACH checking account draft form and committing at least $25 per week or $100 per month to paying fees; (2) completing a debit card authorization form and committing at least $25 per week or $100 per month to paying fees; or (3) pledging any possible tax refund to Allmand & Lee and making payments of at least $10 per week or $40 per month until any available tax refund is applied to Allmand & Lee's fees. If a client adopts one of the three options, Allmand & Lee will not increase the debtor client's legal fees.

The standard fees allowed in a non-business chapter 13 case in the Northern District of Texas is $3,000. General Order 2010-01, ¶ 10(c) (August 13, 2010) (the "General Order"). An attorney may request higher fees for work done on a non-business chapter 13 case pursuant to paragraph 10(c) of the General Order, which states:

> [A]n attorney may request attorney's fees and expenses exceeding the Standard Fee and Costs upon (i) formal application under Rule 2016(a) and Section 10i of this General Order, with notice and hearing, for all fees and expenses; (ii) formal application under Section 10j of this General Order for fees and expenses exceeding the Standard Fee and Costs; or (iii) motion under Section 10k of this General Order for matters designated therein.

General Order ¶ 10(c).

A debtor's interest in a tax refund is property of the estate. *See, e.g., IRS v. Luongo (In re Luongo)*, 259 F.3d 323, 335 (5th Cir. 2001). In the Northern District of Texas, a debtor's tax refund is first applied to any delinquency in the debtor's case, then any amounts remaining of the first $2,000 of the tax refund are forwarded to the debtor. General Order ¶ 9(b). Unless otherwise ordered by the court, any tax refund in excess of

$2,000 is applied to payment of the debtor's creditors through his or her plan. General Order ¶ 9(c).

The Fee Letter, by failing to advise clients of these facts appears to be misleading. Furthermore, the Fee Letter appears to seek modification of a confirmed plan without court authority. Finally, the Fee Letter appears to ask that debtors grant liens, and so incur credit, without court authority. It is therefore **ORDERED:**

1. That Weldon "Reed" Allmand, as signatory of the Fee Letter and a partner at Allmand & Lee, appear before this court at 10:00 a.m. on December 22, 2010, and show cause as to why he should not be subject to disciplinary action.

2. That Christopher M. Lee, as a partner at Allmand & Lee, appear before this court at 10:00 a.m. on December 22, 2010, and show cause as to why he should not be subject to disciplinary action.

3. That Allmand & Lee appear before this court at 10:00 a.m. on December 22, 2010, and show cause as to why it should not be subject to disciplinary action.

### End of Order ###